**FILED**
JUN 1 0 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ROBINSON, JR., )
)
Plaintiff, )
)
v. ) Civil Action No.
)
U.S. SMALL BUSINESS )
ADMINISTRATION, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The plaintiff alleges that, "[o]n or about December 11, 2012, [he] was deemed ineligible to participate in a federal loan program administered by the U.S. Small Business Administration and contracted to Borrego Springs Bank." Compl. ¶ 6. He "believes the defendants" acted in a "retaliatory, arbitrary, capricious and discriminat[ory]" manner, and that the decision to deny his application violated "his rights to be free from retaliation [and to] due process of law and equal protection." *Id.* ¶ 8. He brings this action against the Small Business Administration and Borrego Springs Bank under 42 U.S.C. § 1983. *Id.* ¶ 1. Among other relief, he demands "an injunction to cease the defendant from deeming ineligibility under its current policy," *id.* ¶ 11, and compensatory and punitive damages, *id.* ¶¶ 13-14.



"To state a claim under [§ ] 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo,* 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970). Although plaintiff's claims arising under the Constitution may be cognizable under § 1983, that statute creates a cause of action against persons who, while acting under color of State law, deprive an individual of rights protected by the Constitution or federal law. *See Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1103-04 (D.C. Cir. 2005). It does not apply to a federal government agency or to a private entity. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (stating that § 1983 "does not reach purely private conduct and . . . actions of the Federal Government and its officers are at least facially exempt from its proscriptions"); *Edwards v. Okie Dokie, Inc.,* 473 F. Supp. 2d 31, 41 (D.D.C. 2007) (dismissing § 1983 claim against nightclub absent allegation in complaint or evidence in opposition to summary judgment motion that nightclub was acting under color of District of Columbia law).

By its terms § 1983 applies only to state actors, and because the named defendants are not state actors, this case will be dismissed. An Order is issued separately.

/s/
_____
United States District Judge

DATE: 6/4/2013